INTERNATIONAL MOTOR COMPANY, PROSECUTOR, v. MAYOR AND COMMON COUNCIL OF THE CITY OF PLAINFIELD ET AL., RESPONDENTS.

Argued October 22, 1921—Decided November 1, 1921.

1. A notice inviting bids for the furnishing of a truck, to be used in the fire department of a city, specified a two-wheel, front-drive, ærial truck of no less than one hundred horse power. A bidder proposed to furnish a machine of an entirely different character as a substitute for that described in the notice to bidders at a lower price than the bidders according to the specifications published. *Held*, that the city was not required to consider such proposal.

2. The lowest bidder within a statute requiring a municipality to award a contract to the lowest bidder, must be a bidder who conforms to the requirements in the notice to bidders, and not one who proposes a substitute not conforming to the published specifications.

3. Where the common council of a city inviting bids for the furnishing of such a truck reserves the right to determine which of different trucks offered is best for the city, that reservation is limited to proposals for a truck of the required character, and the legality of the reservation cannot be questioned by a bidder whose proposal does not comply with the notice to bidders, for he has no right to compel his bid to be accepted and has no interest in the determination of the question between other bidders whose proposals conform to the specifications. Whatever rights the latter may have does not concern it, for it was not a proper bidder.

On *certiorari*.

Argued by consent before a single justice.

For the prosecutor, *Louis J. Messano.*

For the city of Plainfield, *Charles A. Reed.*

For the respondent American La France Fire Engine Company, *Pitney. Hardin & Skinner.*

The opinion of the court was delivered by

BERGEN, J. The prosecutor was allowed a rule to show cause why a writ of *certiorari* should not be sealed to review a resolution adopted by the governing body of the city of Plainfield awarding a contract to the defendant American La France Fire Engine Company to furnish an ærial truck for fire purposes. On the return of the rule it was stipulated that the record of the resolution and the proceedings of the common council of the city of Plainfield relating to the bidding, as well as the proposals of the prosecutor and its bid, be admitted as if regularly proven; that the writ of *certiorari* be allowed, and the matter disposed of as on final hearing, and I have, therefore, considered the case in that aspect.

On the record laid before me the only interest of the prosecutor is that of an unsuccessful bidder, it being conceded that it was the lowest bidder, and, therefore, its standing rests upon its right to have had its bid accepted. *Atlantic Gas and Water Co. v. Atlantic City, 73 N. J. L.* 360. The record also shows that the common council of the city adopted a resolution directing the city clerk to advertise for bids for an ærial truck and chassis for mounting hose wagon for the use of the fire department, to be in form to be approved by the corporation counsel; that an advertisement was prepared and published by the clerk inviting bids for "two-wheel, front-drive, seventy-five-foot ærial truck," of no less than one hundred horse power, followed by a detailed specification of numerous requirements, and also that "the common council will determine which of the various trucks offered is in its judgment best suited for its purpose." It is conceded that the truck offered by the prosecutor and for which its bid was tendered was not a two-wheel, front-drive truck, and the proposal shows that the horse power was less than one hundred. and, consequently, was not within the class of truck called for by the notice to bidders. In other words, it was not the character of truck described in the notice to bidders. The offer of the prosecutor was "in accordance with your advertisement for bids on fire apparatus for your consideration, specifications and proposals covering the furnishing and delivery to the city of Plainfield,

tax paid, one type A. C. 7 Mack 75-foot ærial hook and ladder truck complete as per attached specifications." The specifications do not conform to the requirements contained in the notice to bidders, perhaps for the reason that the prosecutor does not manufacture a two-wheel, front-drive truck.

The first reason urged by the prosecutor in support of its writ is that the resolution directing the clerk to advertise for bids was not broad enough to authorize him to call for bids as set out in the notice to bidders, but was limited to any ærial truck that a bidder might propose. There is nothing in this objection, for the notice to bidders was the act of the common council, and when it accepted and considered proposals in pursuance of the notice, they ratified the act of the clerk in publishing the notice as "by order of the council," and the bid of the prosecutor was expressly based on the notice. The statute does not require the publication of specifications, but it was done in this case and all bidders had equal opportunity to learn the character of the truck for which bids were solicited. The prosecutor made no complaint until its bid was rejected because it did not comply with the published specifications.

The next point made by the prosecutor is, that under the act entitled "An act concerning municipalities" (*Pamph. L.* 1917, *p.* 319, *art.* 11), it was entitled to be awarded the contract because it was the lowest bidder. The difficulty with this claim is that it was not the lower bidder for the particular article for which bids were asked. The act must have a reasonable construction, and the lowest bidder to which it refers is one who bids the lowest for the thing intended to be contracted for, as described in the notice to bidders, and not to some other article which a bidder may propose as a substitute. Reduced by proper analysis the situation presented is, that the city wished to buy a truck with a two-wheel, front-drive of one hundred horse power, and so advertised, and the prosecutor proposed to furnish one which was not a two-wheel, front-drive truck, and which had not the required horse power, for less money than another bidder agreed to contract for of the advertised character. Under such circumstances,

the prosecutor was not the lowest bidder to which the statute refers. and not entitled to have its bid accepted or even considered.

It is also urged that the notice to bidders did not allow fair competition unless every proposal be considered, because the common council reserved the right to determine which of the various trucks offered was in its judgment best suited for its purpose, and the best purchase, all things considered. This might raise a troublesome question if prosecutor was in a position to raise it, but, manifestly, it is not. The reservation does not apply to any truck that may be offered, but is limited to those within the published character of truck for which bids were invited, which was a "two-wheel, front-drive, 75-foot aerial truck 4 or 6 cylinder—no less than 100 horse power." which, it is conceded, was not the kind of machine offered by the prosecutor. Therefore, it was not within the class to which the reservation as to selection applied, and it could in no way have influenced the proposal of the prosecutor, for it was not in the class subject to determination. The consideration of its bid would have been unfair to the other competitive bidders—three in number—whose proposals were based on the requirements contained in the notice to bidders. The resolution awarding the contract will be affirmed, with costs.